GODHARDT EISNER AND FRANCIS FREY, PLAINTIFFS IN ERROR, v. JOHN HEILEMAN, DEFENDANT IN ERROR.

A judgment debtor cannot defeat his own fraudulent conveyance by purchasing, through another, the property conveyed, under a subsequent judgment against himself.

---

Ejectment in error.

For the plaintiffs in error, *T. J. Middleton* and *John W. Wescott.*

For the defendant in error, *P. V. Voorhees.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This action was instituted in the Camden Circuit Court by Heileman, to recover possession of lands in the county of Camden.

The plaintiff derived his title to the lands through a deed from the sheriff to him, dated February 9th, 1885.   The

sheriff sold by virtue of an execution issued upon a judgment recovered March 27th, 1882, by one Witham against Frederick Fisher.

The defendants' title rested upon a deed made by said Frederick Fisher to said Francis Frey shortly prior to the rendition of said judgment.

Heileman, in support of his action, showed, on the trial below, that the conveyance by Fisher to Frey was for the purpose of hindering and delaying Witham in the collection of his said debt, and therefore void.

In this aspect of the case no doubt could be entertained of Heileman's right to recover.

But on the trial below, Frey offered to show that Heileman purchased at the sheriff's sale for and on behalf of Fisher, the fraudulent debtor, and that although the sheriff's deed was made to Heileman, the consideration money was furnished by Fisher to Heileman, who held the title for Fisher.

This evidence was overruled by the trial judge, and thereupon judgment was recovered by Heileman.

I am of opinion that there was error in excluding this evidence.

In determining the competency of the proposed defence, we must regard Heileman and Fisher as one and the same person.

This, then, was the posture in which the offered evidence would have presented the case : Fisher, in the name of Heileman, was attempting to overthrow a prior title, derived from himself, by setting up his own fraud. Frey's title was paramount according to date, and it could be postponed to the title acquired through the sheriff's deed only by showing Fisher's fraud. As against Fisher the conveyance by him to Frey is good. Fisher would have no standing in a court of equity to put aside his own deed, nor could his fraudulent grantee appeal successfully to such a tribunal to lend him its aid in resisting any proceeding which Fisher might institute in a court of law. It is against the policy of the law to permit the fraudulent debtor to regain the property which he has attempted to put beyond the reach of the creditor. Therefore,

neither in a court of law or equity is he permitted to set up his own fraud in avoidance of the deed which stands in his way.   If the scheme resorted to in this case could prevail, the effect of this salutary rule for the suppression of fraud will be greatly diminished, and the fraud-doer will experience little difficulty in dispossessing his fraudulent grantee.

In consequence of the attempted fraud, the law will regard this transaction as if no sale had been made under the judgment, and as if the fraudulent debtor had paid his money through Heileman in satisfaction of his just obligation.   No valid title could pass to the debtor, nor to Heileman, who stood for him, by this device, conceived in fraud on his part. The legal title cannot prevail which has its inception in a contrivance which the law condemns; it comes from a tainted source.

*Mulford* v. *Tunis*, 6 *Vroom* 256, is relied upon to support the plaintiff's case.

The cases differ in this material respect.   In Mulford *v.* Tunis the fraudulent debtor's lands were sold under a *bona fide* judgment against him to one Pierson, who had no complicity with him.   A valid legal title passed to Pierson, which was superior to the title of the debtor's fraudulent grantee. The Supreme Court held, that the title thus acquired by Pierson, which was untainted by fraud, could not be lost by his attempt to transmit it to Tunis, his grantee, for a consideration paid by the judgment debtor.   The title of Mulford, the fraudulent grantee of the debtor, was superseded and defeated by the operation of the sale and conveyance, under the judgment, to Pierson.   In the case in hand, the fraud of the debtor rendered the sheriff's sale inoperative to pass the title for his benefit.   The law leaves him in the position he made for himself by his fraudulent conveyance.

The judgment below should therefore be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE,. DIXON, MAGIE, SCUDDER, VAN SYCKEL, BROWN, CLEMENT,. COLE, SMITH, WHITAKER. 12.